JOHNSTON AND ANOTHER V. MARSHALL AND ANOTHER.

Where there were two defendants, only one of whom was served, and the answer was in the plural, as for both defendants, it was held, in the absence of further showing, that the answer was for both.

Where it appeared by bill of exceptions, that an amended answer (plea of payment) was struck out because filed without leave, and that the defendants thereupon asked leave to amend, " and defendants' counsel being called on by the " Court, declined to make any showing against the merits of the cause, and the " Court declined to delay the cause for the amendments," it was held that it must be presumed that by a " showing against the merits" the Court below intended a plea to the merits, and not an oral showing, and that there was no error.

Appeal from Cherokee. The first answer was a general demurrer and general denial. The second answer was same, with plea of payment also. It was filed at one Term, and the motion to strike out was made at the next. The bill of exceptions stated that after the second answer had been struck out, " defendants, by their counsel, moved the Court for leave to " amend, and defendants' counsel, being called on by the Court, " declined to make any showing against the merits of the cause, " and the Court declined to delay the cause for the amend- " ments." Verdict and judgment for plaintiffs.

*Hood & Wiggins,* for appellants. The Court erred in striking out answer of the defendants, filed on the 11th May, 1854, on the ground that the same was filed without law. It will be borne in mind that the pleas stricken out had been on file more than six months, and that the motion to strike out was first sprung at the very time of trial.

We know that this Court has intimated in several cases, that irregular pleadings should not be encouraged ; but we have examined in vain for any decision of this Court, that will sustain the rulings in this case. The pleas had long been on file, consequently no surprise to the other party. They contained two

simple counts, one a payment of the note in cash, the other a payment of it by a draft, either of which was good if sustained by proof, and not at all calculated to hinder judgment without proof.

The facts in this case are very different from the facts in cases of Coles v. Kelsey, 2 Tex. R. 541 ; Thomas v. Young, 5 Tex. R. 253 ; Tulane v. McKee, 10 Tex. R. 335, and Levin v. Houston, 8 Tex. R. 94. See the case of Coles v. Kelsey.

There was but one defendant ; he pleaded to merits, then in a few days filed peremptory exceptions and other answers. In the case of Thomas v. Young, only one defendant ; he pleaded to merits, then repleaded without leave ; District Court refused to strike out ; this Court sustained action of District Court, but say such pleading is irregular. In the case of Tulane v. McKee, this Court only say, in effect, that a party is not, under all circumstances, entitled to amend before announcement for trial. By a reference to it, it will be seen that many pleas were filed during the same Term, in quick succession. In the case of Levin v. Houston, six months after pleas to merits, on the very eve of trial, a plea was offered, well calculated to surprise the opposite party. We think the case of Connell v. Chandler (11 Tex. R. 249,) decides conclusively that this assignment of error is well taken.

"The Court erred in refusing to grant defendants leave to "amend answer, after second answer was stricken out."

This Court has again and again decided, that after announcement of ready for trial parties have the right to amend. (See Croft v. Rains, 10 Tex. R. 520 ; Moss v. Jennings, 4 Tex. R. 452 ; Hollis v. Border, 10 Tex. R. 360.)

The bill of exceptions shows that instead of leave to amend being given, as a matter of right, when prayed for, the Court called on the counsel of defendants orally to make orally a showing to the merits.

*S. P. Donley*, for appellees. This Court has decided that the practice of filing pleas, at different times, after the answer

has been filed, without first obtaining leave of the Court, is an irregularity not to be sanctioned. (Coles v. Kelsey, 2 Tex. R. 541, 543 ; Thomas v. Young, 5 Tex. R. 253, 255.)

This application to amend was made after announcement of "ready for trial." There is no reason shown why the facts to be relied upon in the amendment were not first set up. We are not notified in what respect the party desired to amend. They ask to amend generally. The Court enquires of the counsel if they have any defence to the merits of the cause, and they decline making any showing against the merits of the cause ; and under the circumstances, we think the Court very properly refused to grant time to prepare any empty plea they might think proper to bring in.

HEMPHILL, CH. J. The proceedings in this cause were marked with some irregularities, but with none sufficient to require a reversal of the judgment. But one of the defendants was served originally. They both appeared, however. Such is the necessary presumption from the use of the plural instead of the singular number throughout their answer, and the cause was then continued on affidavit of defendant, which would have been unnecessary, unless both had appeared ; for if not, the plaintiff must have continued of course, if he desired judgment against both. An *alias* citation was afterwards issued and served on the one on whom there had not been previous service. At the next Term he moved to quash the service, and the defendants filed various pleas and answers, without any leave of Court, without characterizing them as amendments or taking any notice of the answer filed at the previous Term.

At the succeeding or trial Term, the plaintiffs moved to strike out these answers, on the grounds that they were not amendments, nor were they filed by leave of the Court; and they also moved to strike out the exception in relation to the service, the same having been filed subsequent to the plea of general issue.

These motions were sustained. The one in relation to the

answers, on the ground that they were filed without leave. The defendant then moved for leave to amend, but their counsel being called on by the Court, declined to make any showing against the merits of the cause, whereupon the Court declined to delay the cause for the amendments, and the plaintiffs took judgment.

The first objection to the additional answers is, that they were not amendatory of the previous pleadings. They were distinct, independent of and not connected with the previous answer.

The second, that they were not filed by leave of the Court. The Statute (Hart. Dig. Art. 693) declares that the pleadings in all suits may be amended under the direction of the Court, and under such terms as it may prescribe. The practice of filing amendmends without first obtaining leave of the Court has been, in repeated decisions, denounced as an irregularity which is entitled to no special favor. (Coles v. Kelsey, 2 Tex. R. 541.)

In Thomas v. Young, (5 Tex. R. 255,) it is said that such amendments are not a matter of course, and the permission of the Court ought always to be obtained, in correct practice, before filing. But practically, such was the loose practice in 1845, that counsel considered it a matter of course, and the leave of the Court a form. In Connell v. Chandler, (11 Tex. R. 253,) the filing of an amendment, without leave of the Court, was regarded as an irregularity, but one which should not deprive a party of his right ; that where the amendment was proper and in proper time, the leave of the Court was a matter of course, and the object of the leave would be to give notice to the opposite party.

The purpose of the Statute was not only to confer a right, but to place it under some suitable restrictions ; otherwise it would extend beyond all reasonable limits, and produce intolerable delay and vexation. Even under the supervisory power given by Statute, the records are disfigured with reiterations of the same facts, fragmentary allegations and heterogeneous

and inconsistent statements of the same matter and cause of action.

The effect of the decision in Connell v. Chandler, (11 Tex. R. 253,) is that the mere want of leave to file an amendment—the amendment being proper and in proper time—shall not prejudice the right, unless the omission has been the occasion of surprise or prejudice to the opposite party. In that case there could be no doubt of the propriety of the amendment. In a certain contingency, it would have been necessary to enable the Court to do complete justice between the parties. But in this case, the answers do not pretend to be even amendments; and although the plea of payment, which they set up, was a substantial defence, yet, if they had been prepared to prove such defence, this might have been repleaded under leave of the Court. But they declined, when called on by the Court, to set up any defence to the merits. This must be taken to be by plea; for we cannot presume that the Court required an oral showing of merits, there being no plea on which it could have been admitted.

The whole of the proceedings are such as to show that the defendants might have availed themselves of a meritorious defence, if any they had. These ought always to be set up, if they exist and are known, in the original pleadings. But though not set up, as they should have been, before issue joined, it does not appear that they might not have been available to defendants. There is no error and the judgment is affirmed.

Judgment affirmed.